IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

NANCY KEY,                          )
                                    )
          Plaintiff,                )     CIVIL ACTION NO. 1:08cv217-WC
                                    )
     v.                             )
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social Security,    )
                                    )
          Defendant.                )

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Commissioner of Social Security's Motion to Remand

pursuant to sentence four of 42 U.S.C. § 405(g) (2000) and Federal Rule of Civil Procedure

(FRCP) 58.  Def.'s Mot. Remand (Doc. #24).  The Commissioner states remand is necessary

for further consideration in light of errors by the Administrative Law Judge in adjudicating

Plaintiff's claim of disability.  The Commissioner further indicates that, upon this Court's

remand, the Appeals Council will remand this matter to the ALJ "who will be instructed to

reevaluate the evidence as it pertains to Plaintiff's [residual functional capacity] and, if

warranted, obtain evidence from a vocational expert."  (Doc. #25 at 2)

This Court entered an Order (Doc. #26) directing Plaintiff to show cause why the

motion to remand should not be granted.  Plaintiff filed a Response (Doc. #27) on December

9, 2008, voicing no objection to the Motion to Remand.

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the

pleadings and transcript of the record, a judgement affirming, modifying, or reversing the

decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).   The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996); *see Carril v. Barnhart*, 201 F. Supp. 2d 1190, 1192 (N.D. Ala. 2002) (reversing the Commissioner's decision and remanding the case for further proceedings, where the Commissioner's decision was not supported by substantial evidence).

In this case, the Commissioner acknowledges the ALJ failed to properly reconcile evidence of Plaintiff's exertional and non-exertional limitations with his ultimate determination respecting her residual functional capacity, but that this error was not recognized by the Commissioner until the matter reached briefing in this Court.  Def. Mem. Supp. Rem. (Doc. #25) at 2.  The Court finds reversal and remand necessary here, as Defendant concedes proper application of governing law and possible further development of the record through the testimony of a vocational expert is required.

Upon consideration of the Motion (Doc. #24) and Plaintiff's response (Doc. #27), it is

ORDERED that:

1.    The Commissioner's Motion to Remand (Doc. #24) is GRANTED.

2.    The decision of the Commissioner is REVERSED and REMANDED for

further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and for the reasons set forth in Defendant's Brief in Support of its Motion to Remand (Doc. #24, #25).

3.     Upon receiving notice of any entitlement to past-due benefits, Plaintiff shall have sixty (60) days in which to seek attorney's fees under 42 U.S.C. § 406(b).[1]

A separate judgment will issue.

DONE this 15th day of December, 2008.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1]     *See Blitch v. Astrue*, 261 Fed. Appx. 241, 242 n.1 (11th Cir. 2008).

3